UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11509-GAO

DANIEL PAILES,
Plaintiff,

v.

HSBC MORTGAGE SERVICES and BENEFICIAL MORTGAGE CORPORATION,
Defendants.

ORDER
October 13, 2010

O'TOOLE, D.J.

After review of the parties' submissions and hearing on the matter, the plaintiff's Motion for Temporary Restraining Order, filed in state court and pending when the case was removed, and the plaintiff's Motion to Affirm Judge's Ruling on Restraining Order Until Case Has Fully Been Litigated (dkt. no. 11) are both DENIED.

In support of his motions, the plaintiff appears to contend that he faces foreclosure because he could not refinance his home loan after the defendants inappropriately force placed insurance on the property, causing him to be unable to make his payments, and subsequently reported to the credit bureaus that he was several months in arrears. The connection between the force-placed insurance and his default appears tenuous at best. The plaintiff had already refinanced at least once. Whether a bank would permit a second refinancing would depend on a host of factors, and there is insufficient evidence to conclude that his inability to refinance a second time was related to the force-placed insurance. Although the Court recognizes that a foreclosure sale will be a hardship for the plaintiff, on this record the defendants cannot be enjoined from the foreclosure indefinitely when the plaintiff is almost $50,000 in arrears,

admittedly has not offered to pay his loan obligation, taxes, or insurance since January 2009, has no equity in the home, and has not shown a likelihood that required mortgage payments can be made. The plaintiff's showing on the merits simply does not justify granting the extraordinary relief of a temporary restraining order.

Additionally, the plaintiff's Motion for Production of Documents for Discovery and Interrogatory Process (dkt. no. 12) is DENIED without prejudice as premature. It does not appear that the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f), and no discovery schedule has been set.

It is SO ORDERED.

   /s/ George A. O'Toole, Jr.
United States District Judge