UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11509-GAO

DANIEL PAILES,
Plaintiff,

v.

HSBC MORTGAGE SERVICES and BENEFICIAL MORTGAGE CORPORATION,
Defendants.

OPINION AND ORDER
July 18, 2011

O'TOOLE, D.J.

On August 26, 2010, the plaintiff, proceeding *pro se*, filed this action in Essex County Superior Court against HSBC Mortgage Services and Beneficial Mortgage Corporation, alleging he faces home foreclosure because the defendants improperly force-placed insurance on his property. The defendants removed the case to federal court and move to dismiss all claims. The plaintiff opposes the motion to dismiss, albeit by filing an untimely opposition, and concurrently seeks to amend his complaint.

At base, the plaintiff alleges that, on February 15, 2006, the defendants force-placed hazard and flood insurance on his property while he had active policies already in existence. He claims that the cost of force-placed insurance made him fall behind in his mortgage payments. He further alleges that his credit score declined, and consequently, he was unable to refinance his loan. He now faces foreclosure.[1]

In his initial complaint, the plaintiff advanced fifteen separate claims based on the purportedly improper force-placed insurance. The majority of the claims fail because they do not

---

[1] It is unclear whether the defendants have foreclosed on the home since the filing of the action.

allege sufficient facts to state a claim under the federal pleading standards articulated in Bell Atlantic v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937 (2009), are theories of damages rather than causes of action, or are time-barred. The plaintiff appears to recognize the flaws in the original complaint as he now seeks to amend his complaint, alleging a more concise set of facts (though more fully developing his damages theory) and limiting the number of claims. He now appears to allege breach of contract and violations of the Fair Credit Reporting Act ("FCRA"), Fair Dept Collection Practices Act ("FDCPA"),[2] and Massachusetts General Laws chapter 93A.

Several of the original flaws inhere in the claims advanced in the proposed amended complaint. Specifically, many of the claims are untimely. The time period for filing a claim under FCRA—in this case, two years after the date of discovery by the plaintiff of the violation—has expired. See 15 U.S.C. § 1681p. The FDCPA claim is likewise time-barred, as the statute of limitations for a cause of action under the statute is one year from the date the violation occurred. See 15 U.S.C. § 1692k(d). Finally, the Chapter 93A claim is time-barred because its statute of limitations is four years from the date the cause of action accrues. See Mass. Gen. Laws ch. 260 § 5A.

However, the plaintiff has adequately pled a cause of action for breach of contract. The plaintiff alleges he made timely payments to the defendants toward the principal and interest on

---

[2] The plaintiff alleges a "violation under UNDP . . . ." (Am. Compl. ¶ 1-7 (dkt. no. 24-1).) It is not clear what the acronym stands for, but in the context of the complaint, it appears he means the Fair Debt Collection Practices Act.

his loan, and as agreed,[3] a certain amount was applied to an escrow account. The plaintiff further alleges, though not in so many words, that the defendants misapplied his regular mortgage payments to pay for unnecessary insurance premiums and that the defendants breached their agreement by imposing and collecting amounts for the force-placed insurance premiums and related fees without authorization. Finally, the plaintiff alleges he was damaged by being charged for the force-placed insurance coverage. Having pled the existence of an agreement, fulfillment of his contractual obligations, breach by the defendants, and subsequent damages, the plaintiff has stated a claim for breach of contract. See Doyle v. Hasbro, Inc., 103 F.3d 186, 194 (1st Cir. 1996) (identifying elements of breach of contract claim).[4]

Because the proposed amended complaint adequately states a claim upon which relief could be granted, granting leave to amend would not be futile. See Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996). In light of the adequately pled breach of contract claim and the more focused pleading, which helps provide notice to the defendants, the plaintiff should be permitted to file his amended complaint. The plaintiff's motion (dkt. no. 24) is therefore GRANTED. Consequently, the defendant's Motion to Dismiss (dkt. no. 22), the plaintiff's

---

[3] Exhibits attached to the defendants' motion to dismiss, which are fairly incorporated into the complaint, see Redondo-Boreges v. U.S. Dep't of Housing & Urban Dev., 421 F.3d 1, 4 (1st Cir. 2005), round out the story somewhat: On December 13, 2005, the plaintiff executed a note secured by a mortgage on his property to Premium Capital Funding, LLC, which was assigned and transferred to HSBC Mortgage Services on February 7, 2006. The exact terms of the contract are enumerated in the Adjustable Rate Note (dkt. no. 23-1).

[4] To the extent that the plaintiff seeks to assert a cause of action for unjust enrichment, that claim is obviated by the adequately-pled breach of contract claim because it is an equitable remedy not available to a party with an adequate remedy at law. See Santagate v. Tower, 833 N.E.2d 171, 176 (Mass. App. Ct. 2005); see also In re: Lupron Mktg. & Sales Practices Litig., 295 F. Supp. 2d 148, 182 (D. Mass. 2003) ("Where a contract . . . govern[s] the parties' relationship, the contract provides the measure of the plaintiff's right and no action for unjust enrichment lies.") Furthermore, there are no allegations that a benefit or enrichment was conferred upon the defendants. See Brookridge Funding Corp. v. Aquamarine, Inc., 675 F. Supp. 2d 227, 234-35 (D. Mass. 2009) (describing the elements of an unjust enrichment claim).

Motion for Order to Deny Motion to Dismiss (dkt. no. 34), and the plaintiff's Motion to Utilize Exhibits in the Court Hearing (dkt. no. 29) are MOOT.

The plaintiff has also filed a number of miscellaneous motions which can be resolved summarily. His Motion for Extension of Time to Prepare Case if Jury Trial is Granted (dkt. no. 28) is DENIED without prejudice as no scheduling order has been set. His Motion on Expert Witness (dkt. no. 30) is similarly DENIED without prejudice because the question of whether expert witnesses are necessary requires further factual development. Finally, the unopposed Motion for a Jury Trial (dkt. no. 27) is GRANTED as to any issues for which a jury might have been demanded. See Fed. R. Civ. P. 39(b).

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
United States District Judge