**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**Civil Action No. 1:10-CV-11509-GAO**

**************************************
**Daniel Pailes,** *
**Plaintiff** *
**v.** *
*
**HSBC Mortgage Services,** *
**Defendant** *
**************************************

## PLAINTIFFS' MOTION TO REMAND CLAIM TO STATE COURT

### Relief Desired

**NOW** come the Plaintiff/Daniel Pailes (hereinafter referred to as "Mr. Pailes") pursuant to 28 U.S.C.A. §1447and respectfully moves this Honorable Court to REMAND the Plaintiff's Claim for Breach of Contract back to the Essex County Superior Court in Massachusetts so that it may be consolidated with Defendant/HSBC's Summary Process Eviction case it has pending against the Plaintiff in the Northeast Housing Court in Lawrence, MA.

### Grounds for Motion

Plaintiff/Daniel Pailes's claim for Breach of Contract before this Honorable Court, should be remanded to the Essex County Superior Court, Massachusetts because there is no Federal subject matter jurisdiction in this case. The Plaintiff's claims should not have been removed to Federal Court from the Essex County Superior Court, but should have been removed to the Northeast Housing Court. In support of this Motion Plaintiff attaches his Memorandum in Support of His Motion to Remand and states the following:

1) There is no federal question at issue, as this is an action for Breach of Contract relating to a mortgage foreclosure.

2) The Plaintiff's Claim for breach of contract is not a separate civil suit as required

under 28 U.S.C. § 1441(a), as it was only one of the claims Plaintiff had pled in his Complaint for a Temporary Injunction to Stop the foreclosure of his home, after the Defendant/HSBC had filed a Complaint in the Land Court under the Sailors and Soldiers Civil Relief Act to proceed with foreclosure.

3) Plaintiff's damages do not meet the Diversity Jurisdictional requirement of an amount in controversy of Seventy Five Thousand ($75,000.00) Dollars or more.

4) The Defendant/HSBC's removal of the Plaintiff/Daniel Pailes' Complaint for a Temporary Injunction against foreclosure and his claim for Breach of Contract, was improper, because the Plaintiffs Complaint for a Temporary Restraining Order along with his claim for Breach of Contract was not only a response to HSBC filing a Complaint to foreclose in the Land Court, but his claim for Breach of Contract is ancillary to Defendant/HSBC's pending Summary Process Action for Eviction it has against the Mr. Pailes in the Northeast Housing Court, docket No. 11-Sp-0361.

5. The Defendant/HSBC removed the Plaintiff/Daniel Pailes' case from the Essex County Superior Court and filed it in Federal Court, knowing that it would be bringing a Summary Process Eviction case into the Housing Court against Mr. Pailes, as it had previously filed a Complaint in the Land Court and would receive a judgment to foreclose on Mr. Pailes. Rather than removing the Complaint for a Temporary Restraining Order to the Housing Court which would ultimately hear the Summary Process Eviction case HSBC would be filing, HSBC wasted judicial economy and time by filing it in the Federal Court, forcing Mr. Pailes a Pro Se Litigant, to litigate two separate cases rather than one consolidated case. As the Summary Process Eviction case is pending in the Northeast Housing Court in Lawrence, MA and Mr. Pailes has filed counterclaims against HSBC, to which his claim for Breach of Contract of the

mortgage is entangled in, the case should be REMANDED to the Essex County Superior Court so that it may be consolidated with the Defendant/HSBC's Summary Process Eviction case it has against Mr. Pailes.

6. The Plaintiff/Daniel Pailes recently retained Counsel and through investigation Counsel has found the title the Defendant/HSBC alleges to lawfully possess, is not lawful title. The title is corrupt and fraudulent, as the purported assignment to HSBC was done so by use of an alleged Robo-Signer and was done so after there was a previous break in the chain of title due to lack of recordation and another document executed by an identified Robo Signer. (See Plaintiffs attached Memorandum of Law - Exhibit 1, Affidavit of Essex County Registrar of Deeds referencing corrupt title)

7. As the Defendant/HSBC is attempting to evict the Plaintiff/Daniel Pailes from his home, when in fact HSBC does not own legal title to Mr. Pailes's property and Mr. Pailes' claim for Breach of Contract is so intertwined in HSBC's Summary Process Eviction case, it is in the interest of justice that Mr. Pailes case for Breach of Contract be Remanded to the Essex County Superior Court, so that it may be consolidated with the Summary Process Eviction case HSBC has against Mr. Pailes in the Northeast Housing Court, which has the jurisdiction to hear defenses to Title in Summary Process Eviction cases as well as Counterclaims. HSBC is the Plaintiff in the Northeast Housing Court and chose that venue to hear the matters relating to HSBC's foreclosure and eviction against Mr. Pailes.

**WHEREFORE**, in the interest of Justice, Plaintiff/Daniel Pailes respectfully requests this Honorable Court GRANT his Motion for REMAND of this case to the Essex County Superior Court and Grant any other relief this Honorable Court deems equitable and just.

Respectfully submitted,

Defendant/Daniel Pailes

By his attorney

Dated: June 7, 2012

/s/ Marylyn E. Flores
BBO No. 664595
P.O. Box 525
Lawrence, MA 01842
(617) 981-9437
legalpeople2@comcast.net

**CERTIFICATE OF SERVICE**

I, Marylyn E. Flores, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: June 7, 2012 /s/Marylyn E. Flores